# SUPREME COURT.

## John Haase agt. The New-York Central Railroad Co.

The power is given to the *court*, in § 174 of the Code, to enlarge the time for *appealing*. Section 405 relates to the powers of a judge of the court *at chambers*, and has no application to the power of the *court*. (*The case of Crittenden* agt. *Adams*, 5 *How.* 310, *fully approved. Other reported cases reviewed.*)

*Erie Special Term, May,* 1857.

THE action was tried by referee, and a report and decision were made in favor of the defendant.

Early in March judgment was duly entered and docketed, and notice thereof duly served on the plaintiff's attorney, Mr. Crandall. Mr. J. C. Strong had charge of the action at all times, having been retained by the plaintiff to bring the action. Mr. Crandall, at the time Strong was retained, was in his office, and his name was used as attorney, and all papers were served on him. He left Mr. Strong's office before the trial, but, as the affidavits show, was careful to take to Mr. Strong all papers in the cause served upon him. He neglected, however, to take to Strong the notice of the judgment, and he has no recollection that any such notice was ever served upon him. He has not been able to find any such notice in his office. In short, although he gave an admission of service, he has no recollection of the notice, and is unable to give any explanation, except that there must have been some misapprehension, which he cannot explain or account for.

Immediately after the decision and report of the referee, Strong prepared a bill of exceptions, and served a copy upon the defendant's attorney, who proposed amendments. The time for appearing before the referee to settle the exceptions was fixed, and Mr. Strong and the defendant's attorney called at about the time fixed. The referee had moved into another office, and, in short, Mr. Strong and the defendant's attorney

Haase agt. The New-York Central Railroad Co.

waived the settlement at that time, and agreed to attend before the referee within a few days. Before it was found convenient to do so, the thirty days expired from the time notice of the judgment had been given. The defendant's attorney mentioned this fact to Mr. Strong, and that there could be no object in settling the exceptions, as the time for appealing was past, and he doubted whether he had any right to accept notice of appeal after the expiration of the time fixed by the statute. This was the first intimation that Mr. Strong had that any notice of the judgment had been served, and he was much surprised. He now moves, in behalf of the plaintiff, for relief as to the mistake in respect to the service of notice of judgment, and that a new notice be served; or for such other rule, order and relief as to the court may seem fit.

J. L. Curtenius, *for defendant.*
J. C. Strong, *for plaintiff.*

Marvin, Justice. The plaintiff intended to appeal. The exceptions were promptly prepared with that view. Strong had no knowledge that notice of the judgment had been served, and was greatly surprised on learning that fact, and that the time for appealing had expired. The defendant's attorney doubts his right to waive the notice of the judgment, or to accept a notice of appeal. He was not aware that Strong, or the attorney of record, was under any mistake as to the notice, and that Strong ever had any notice of it.

Can the plaintiff be relieved? and if so, upon what ground?

It is declared by the statute, that the appeal "must be taken within thirty days after written notice of the judgment, or order, shall have been given to the party appealing." (*Code,* § 332.)

By § 405, a judge of the court may enlarge the time within which any proceeding in an action must be had after its commencement, except the time within which an appeal must be taken.

In *Humphrey* agt. *Chamberlin,* (1 *Kern.* 274,) the opinion was delivered by Denio, Judge. He refers to §§ 332 and

405, and remarks, that the Code prescribes the time within which an appeal may be taken, &c., and it is not in the power of the court to extend that period, or to allow an appeal when the time has been suffered to expire.   In that case, the appeal to the court of appeals was from an order of the general term, affirming an order made at special term; and the respondent in the court of appeals moved that court to dismiss the appeal, upon the ground that the order of the general term was not appealable to the court of appeals.   The question, therefore, in the court of appeals was one of jurisdiction in that court.

The learned judge, after remarking as above, said, " But the order sought to be appealed from is not one from which an appeal to this court will lie;" and it was so decided, and the appeal was dismissed.   It is thus seen that the remarks of the learned judge, founded upon §§ 332 and 405, were not called for, and that the question was not in the case.

I have great respect for the opinions of the learned judge, but when the question is not involved in the decision made by the court, it is not possible to know whether any other judge of the court concurred in the opinion upon such point, and we must regard such opinion as *obiter*, and not binding as authority.

It does not appear that the attention of the learned judge was called to any other provisions of the Code, and he did not bring other provisions into view.   Section 327 is not applicable, as no *notice of appeal has been given in this case.*   This section was amended in 1849, and I shall refer to it again hereafter.

By § 173 of the Code, as amended in 1849, the court was authorized, at any time, in furtherance of justice, on such terms as may be proper, to amend any pleading, or proceeding, by adding or striking out the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or by conforming the pleading or proceeding to the facts proved.   Thus far the language is the same as in the original Code, (§ 149.)

In the revision of 1849, the words "whenever the amendment shall not change, substantially, the cause of action or defence," are omitted, and we have this provision, "The court

Haase agt. The New-York Central Railroad Co.

may likewise, in its discretion, allow an answer, or reply to be made, *or other act to be done after the time limited by this act, or by an order enlarging such time,*" &c.

This was a new provision in the act of 1849, and it still continued, § 174. The language is remarkable. It is certainly sufficiently comprehensive to enable the court to allow an appeal to be taken after the time limited by the Code has expired.

I am not prepared to say that the provision is not a wise one, and that it may not well and safely be applied to cases where the time for appealing has expired. But the court should notice with great care the qualifications connected with the provision. The preceding section begins, " The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading," &c. The words " before or after judgment " were first inserted by the amendments of 1851.

Section 174 commences, " The court may *likewise,* in *its discretion,* and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited by this act, or by an order, enlarge such time." The power is highly *discretionary:* it is only to be exercised in furtherance of justice, and upon such terms as may be just. The court, I think, will be rarely called upon to exercise the power in cases of an omission to appeal in time; and it will, I think, more rarely exercise the power. The court will not indulge parties in negligence, or listen to excuses that are not of the most substantial and satisfactory character. In short, a party intending to appeal, will run great risk of losing his right to appeal if he suffers the time to elapse, and then applies to the court for the exercise of this discretionary power.

It seems to me, that the present case is one in which the power should be exercised. Mr. Strong, who had the entire charge of the action, and who acted throughout as the attorney in fact, had no notice, knowledge, or intimation that any notice of the perfecting of judgment, had been served. He intended to appeal, as is shown by his promptly preparing his exceptions and serving them upon the defendant's attorney. Amendments were proposed, and the parties were proceeding to the

Haase agt. The New-York Central Railroad Co.

settlement of the exceptions, when he was, to his great surprise, informed that notice of the judgment had been given, and that the thirty days for appealing had expired.   On applying to the attorney of record, who had left his office at about the time the cause was tried, he was informed that no such notice had been served.   The attorney now states, in his affidavit, "that he has no remembrance of any notice of judgment having been served in this cause.   That he was well aware that such notice would be an important paper in the case, by reason of the thirty days' limitation of appeal from such service, and is confident had he understood any such paper was served, he should have called Mr. Strong's attention to the same."   That he has made thorough search for the notice and cannot find it.   No further explanation is, or probably can be given.   The defendant's attorney has the admission of the service, signed by the plaintiff's attorney.   It is probable that the notice served was immediately mislaid or lost, and that the whole transaction passed out of the mind of the plaintiff's attorney.   There was, undoubtedly, some negligence, inattention, or inadvertence, but I think, under the circumstances, the plaintiff ought not to lose the right of appeal.

In *Crittenden* agt. *Adams*, (5 *How. Pr. R.* 310,) Justice MA-SON examined, with his usual diligence, the various provisions of the Code, and he found the authority to release the party, who had not appealed in time, in § 174, authorizing the court to allow "any other act to be done after the time limited by this act."   I concur in the view taken by that learned justice, and in the history he gives of the amendments made to the original Code, and the reasons he suggests for such amendments.   The decision was made in 1850.   Soon after, in the same year, *Enos* agt. *Thomas* (5 *How.* 361) came before the general term, composed of Justices WATSON, PARKER and WRIGHT, in which it was held by WATSON and WRIGHT, PARKER dissenting, that the court has not the power to enlarge the time to appeal, when notice, as required by § 327 of the Code, had not been given within the time required by the statute.   In that case the motion, or application, was very properly

denied upon the merits. It does not appear that the court were aware of the decision of the court in *Crittenden* agt. *Adams.*

*Humphrey* agt. *Chamberlain* (1 *Ker.* 274,) was decided in the court of appeals in 1854. I have already remarked upon this case, that the question was not involved in the decision, and that it does not appear that the attention of Judge DENIO was called to the language of § 174. The learned judge supposed that the legislature had denied to the court the power to relieve a party from the consequences of an omission to appeal within the period allowed by law. In this he was clearly mistaken. There is no denial of power in the Code. The legislature has declared that the appeal must be taken within thirty days. (§ 332.) Section 405, to which the learned judge refers, relates, as Justice MASON shows, to the powers of a *judge of the court* at chambers, and has no application to the power of *the court.* There is, therefore, no express legislative denial of power in the court; but I concede that unless an express power can be found, the power would not exist, as there is a legislative limitation to the right of appeal.

In *Seeley* agt. *Prichard*, (3 *Duer*, 669,) the superior court of the city of New-York decided that the court at special term has power to enlarge the time for taking an appeal from a judgment to the general term. This decision was made in 1854. I think, in view of all the cases, that the weight of authority is in favor of the power.

There is undoubtedly some weight in the remark of Justice WATSON in *Enos* agt. *Thomas*, (*supra*,) that the authority to allow any " other act to be done after the time limited by this act," is found in the chapter relating to "mistakes in pleading, and amendments ;" but it should also be noticed that this provision was not in the original Code ; it was inserted as an amendment in 1849, and it is not limited to the subject matter of that chapter. It is general—" or other act to be done, after the time limited *by this act*,—that is, the entire Code. It would not, as Justice WATSON suggests, authorize the court to extend the time for commencing actions. It relates to some act to be done in the cause.

In conclusion, I will remark, that I think the power is given to the court, in § 174, to enlarge the time for appealing, but I can hardly suppose that any application for an enlargement of the time will ever be necessary, as the party intending to appeal may do so at once after notice of the judgment, without waiting until exceptions are settled.

The motion is granted, so as to allow the defendant to appeal within five days after the entry of the order, and upon paying $7 costs for opposing the motion.